MOSES A. WALKER, JR., Complainant,

*v.*

JOSEFA LOPEZ, VDA. DE BUSTELO, AND ALSO JUAN CRUZ ORTIZ AND VICENTE ORTIZ, Copartners, Doing Business under the Firm Name and Style of Sucrs. de Jose Maria Ortiz, Dfts.

San Juan, Equity, No. 1147.

Opinion filed January 26, 1923.

*Messrs. Miles M. Martin* and *H. G. Molina* for complainant.

*Mr. O. B. Frazer* for defendants.

ODLIN, Judge, delivered the following opinion:

The second amended bill in this cause was filed on November 29, 1922, and counsel for the defendants on December 9, 1922, filed a motion to dismiss the same upon the ground that there are not stated facts sufficient to constitute a cause of action in equity or to entitle the complainant to the relief therein prayed.

The court is of the opinion that this motion must be granted. On examination of the second amended bill in equity, it shows a claim by the complainant that in the month of June, 1922, the complainant and the defendant Josefa Lopez, the widow of Bustelo, entered into an agreement whereby the latter agreed to sell to the complainant certain real estate in the Island of Porto Rico, described in the bill, upon terms of payment as set forth in § 9 of the second amended bill.

It is further alleged that after this alleged agreement the said widow of Bustelo wrongfully and unlawfully executed a deed to the other defendants, who had knowledge of the alleged agreement with the complainant, and that this deed was made in fraud of the rights of the complainant, wherefore the complainant prays that the grantees in said deed be declared to hold the real estate in trust for the complainant.

It seems to me that the trouble with this second amended bill is that it is nowhere set forth that the original agreement between the complainant and the widow of Bustelo was in writing. Therefore I must assume that such agreement was merely oral.

Furthermore, according to § 9 of the second amended bill, the alleged agreement between the complainant and the widow of Bustelo provided that the purchase price of the said real estate should be $85,336, of which the sum of $7,336 should be paid "forthwith," $28,000 in sixty days with interest thereon, and $50,000 in subsequent payments with interest thereon. I am unable to construe the use of the word "forthwith" as meaning that the $7,336 was actually paid. It is true that in § 11 it is alleged that the complainant "forthwith thereafter" offered the initial payment to the widow of Bustelo, but I am unable to comprehend what the expression "forthwith thereafter" means. I had supposed that the word "forthwith" was equivalent to immediately, or on the spot; and of course "thereafter" refers to a future time. Therefore I cannot regard § 11 of the second amended bill of complaint as so drawn as to convey anything definite regarding this transaction. And, as stated before, so far as § 9 is concerned, there is no allegation of any actual payment, and so far as the entire second amended bill is concerned there is no averment that there was any agreement between the complainant and the widow of Bustelo in writing.

Hence it is clear that the motion to dismiss must be granted, but I think it would be unfair to dismiss this bill entirely without giving the complainant one more opportunity to present this matter to this court, and therefore I now

Order and Direct that the bill shall stand dismissed unless a third amended bill shall be filed on or before the 10th day of February, 1923, a copy thereof to be served by counsel for the complainant upon counsel for the defendants.

To this ruling counsel for complainant excepts.